UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:25-cv-00120

———

**Shaerica L. Walder,**
*Plaintiff,*

v.

**Experian Information Solutions, Inc.,**
*Defendant.*

———

## ORDER

Plaintiff brought this action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et. seq. Doc. 106 at 1. The case was referred to a magistrate judge. Plaintiff filed a motion for summary judgment. Doc. 80. The magistrate judge issued a report recommending that the court deny that motion. Doc. 138 at 9. Plaintiff filed written objections. Doc. 140.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

Plaintiff objects to the report on three grounds: (1) that any denial of plaintiff's motion should be without prejudice to refiling; (2) that any denial of plaintiff's motion should not be considered a resolution on the merits; and (3) that plaintiff's citation of fictitious cases was unintentional, not due to bad faith, and without intent to deceive. Doc. 140.

- 1 -

First, the report did not specifically recommend denying plaintiff's motion for summary judgment with prejudice to refiling same. *See generally* Doc. 138. However, there is no need to address plaintiff's objection. "[A] trial court may reconsider a previously denied motion for summary judgment even in the absence of new evidentiary material." *Conkling v. Turner*, 18 F.3d 1285, 1296 (5th Cir. 1994). Because the report did not clearly recommend denying plaintiff's motion with prejudice to refiling, plaintiff is free to refile a summary judgment motion by the court's March 30, 2026 dispositive motion deadline. Doc. 132 at 3.

Second, denying a summary judgment motion is not a resolution on the merits. *See Landry v. G.B.A.*, 762 F.2d 462, 464 (5th Cir. 1985) ("[T]he denial of a motion for summary judgment is not the equivalent of the entry of judgment against the movant."). Thus, plaintiff's second objection is meritless.

As to plaintiff's final objection, the court appreciates plaintiff's clarification that the citing of fictitious cases was "unintentional, not made in bad faith, and not intended to mislead the Court." Doc. 140 at 2. However, plaintiff is still warned "that further citation to nonexistent cases and noncompliance with Local Rule CV-11(g) may result in sanctions, including her pleadings and other papers being struck, filing restrictions, dismissal of her claims, and monetary penalties." Doc. 138 at 8.

Having reviewed the magistrate judge's report de novo and finding no error, the court overrules plaintiff's objections and accepts the report's findings and recommendations. Plaintiff's motion for summary judgment (Doc. 80) is denied without prejudice to refiling. Plaintiff may file another motion for summary judgment by March 30, 2026. *See* Doc. 132 at 3.

*So ordered by the court on February 18, 2026.*

J. CAMPBELL BARKER
United States District Judge